## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TRISTRATA TECHNOLOGY, INC., )
)
          Plaintiff, )
)
)
        v. )
)
)    Civil Action No. 06-651 (JJF)
ACTIVE ORGANICS, INC., BEAUTY )
NATURALLY INC., DERMADOCTOR.COM, )
INC., AND ZIRH INTERNATIONAL CORP. )
)
        Defendants. )
)

## ZIRH INTERNATIONAL CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Zirh International Corporation ("Zirh"), for its Answer to the Complaint filed by Plaintiff, TriStrata Technology, Inc. ("TTI"), hereby states as follows:

1. This is an action for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. §100, et seq. arising out of Defendant's willful and deliberate infringement of the patents described below.

**ANSWER**:    Defendant Zirh admits that the Complaint purports to recite an action arising under the laws of the United States, but denies that it has infringed, willfully, deliberately, or otherwise, any of the patents described below.

2. The patents were issued to Drs. Eugene J. Van Scott and Ruey J. Yu, who are pioneers in the field of the use of alpha hydroxyacids for the treatment of conditions associated with the skin. Each of the patents describes and claims a method of using a composition containing an alpha hydroxyacid to treat and/or reduce skin conditions including but not limited to wrinkles,

fine lines and other conditions affecting human skin. (The five patents at issue in this suit are collectively referred to as the "TTI Patents.")

**ANSWER**:    Zirh admits that each of U.S. Patents Nos. B1 5,091,171; 5,385,938; 5,389,677; 5,422,370; 5,547,988 states, on its face, that it was issued to Drs. Eugene J. Van Scott and Ruey J. Yu. Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies these allegations.

3.  TTI provided notice of the TTI Patents to manufacturers, sellers and/or distributors of cosmetic products both in the United States and abroad. The notice explicitly informed the recipients, among other things, that: (i) the TTI Patents had been issued and assigned to TTI; and (ii) TTI was willing to enter into a licensing agreement. To date, several of the largest manufacturers and/or marketers in the cosmetics industry have entered into such license agreements with TTI, including, without limitation, Avon, Johnson and Johnson, Chesebrough Pond's, Elizabeth Arden, Allergan, Beiersdorf, Inc., L'Oreal, Chanel, Neoteric Cosmetics, Inc., and Erno Laszlo, and TTI has received substantial royalty payments in return for granting such licenses.

**ANSWER**:    Zirh admits that it received a letter dated March 15, 2006 from Michael O. Warnecke of Mayer, Brown, Rowe and Maw LLP stating, "TTI is diligently enforcing its patent rights and is putting you on notice that your continued infringement of these patents resulted in litigation." Zirh further admits that this same March 15, 2006 letter referred to U.S. Patents Nos. B1 5,091,171; 5,385,938; 5,389,677; 5,422,370; 5,547,988; 5,591,774; and 5,643,961 and that "Several major companies…in the cosmetics and dermatology industries have settled patent infringement actions brought against them by TTI and have entered into licensing agreements…"

Zirh denies that this letter communicated which, if any, of Zirh's many products infringed the aforementioned patents. Zirh further denies that prior to receiving this letter dated March 15, 2006, it had any knowledge whatsoever of U.S. Patent Nos. B1 5,091,171; 5,385,938; 5,389,677; 5,422,370; 5,547,988; 5,591,774; and 5,643,961 or TTI. Zirh lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3, and particularly with regard to any other defendant, and therefore denies these allegations.

4. However, Defendants have continued to refuse to recognize the TTI Patents and have willfully and deliberately infringed the TTI Patents by, among other things, promoting the use of their products through national advertisements and websites and otherwise in a manner designed to induce infringement of the Patents referenced herein.

**ANSWER:**    Denied as to Zirh. Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 as it relates to any other defendant, and therefore denies these allegations.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

**ANSWER:**    Admitted.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(b).

**ANSWER:**    Admitted.

7. Plaintiff TTI is a Delaware corporation with its principal place of business at 1105 North Market Street, Suite 1300, P.O. Box 8985, Wilmington, Delaware 19899. TTI is in the business

of developing and licensing novel dermatological, pharmaceutical and skin care product technology. TTI is the assignee of certain patents issued to Drs. Van Scott and Yu ("the Inventors").

**ANSWER**:    Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies these allegations.

8. Defendant Active Organics, Inc. (hereinafter "Active Organics") is a California corporation with its principal place of business in Texas. Active Organics is in the business of manufacturing, distributing, and/or selling cosmetic products in this District and elsewhere in the United States.

**ANSWER**:    Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore denies these allegations.

9. Defendant Beauty Naturally Inc. (hereinafter "Beauty Naturally") is a California corporation with its principal place of business in California. Beauty Naturally is in the business of manufacturing, distributing, and/or selling cosmetic products in this District and elsewhere in the United States.

**ANSWER**:    Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies these allegations.

10. Defendant DermaDoctor.com, Inc. (hereinafter "DermaDoctor") is a Missouri corporation with its principal place of business in Missouri. DermaDoctor is in the business of manufacturing, distributing, and/or selling cosmetic products in this District and elsewhere in the United States.

**ANSWER**:    Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, and therefore denies these allegations.

11. Defendant Zirh International Corporation (hereinafter "Zirh") is a New York corporation with its principal place of business in New York. Zirh is in the business of manufacturing, distributing, and/or selling cosmetic products in this District and elsewhere in the United States.

**ANSWER**:    Zirh admits that it is a New York corporation with its principal place of business in New York and that it is in the business of marketing and selling men's hair and skincare products via the Internet and retail outlets nationwide.  Zirh denies that it manufactures cosmetic products.  Zirh denies the remaining allegations of paragraph 11.

12. On February 25, 1992, United States Letters Patent No. 5,091,171 entitled "Amphoteric Composition and Polymeric Forms of Alpha Hydroxyacids and Their Therapeutic Use" was duly and legally issued to the Inventors and assigned to TTI. On September 26, 1995, the PTO completed a re-examination of U.S. Patent No. 5,091,171. Thereafter, on July 15, 1997, the PTO completed a second re-examination of U.S. Patent No. 5,091,171 and issued Re-examination Certificate B2 5,091,171. A copy of this patent and its two Re-examination Certificates (collectively "the '171 Patent") are annexed hereto as Exhibit A. The '171 Patent describes and claims a method for treating wrinkles by topically applying a composition comprising an alpha hydroxyacid.

**ANSWER**:    Zirh admits that on its face, U.S. Patent No. 5,091,171 (the "'171 Patent"), is entitled, "Amphoteric Composition and Polymeric Forms of Alpha Hydroxyacids and Their Therapeutic Use."  Zirh further admits that, on its face, the '171 Patent recites an issue date of February 25, 1992, as well as a first re-examination completion date of September 26, 1995 and

a second re-examination completion date of July 15, 1997. Zirh admits that a document purporting to be the '171 Patent was attached to the Complaint as Exhibit A. Zirh denies the remaining allegations of paragraph 12.

13. On August 20, 1996, United States Letters Patent No. 5,547,988, entitled "Alleviating Signs of Dermatological Aging with Glycolic Acid, Lactic Acid or Citric Acid" was duly and legally issued to the Inventors and assigned to TTI. On July 15, 1997, the PTO completed a re-examination of U.S. Patent No. 5,547,988 and issued Re-examination Certificate Bl 5,547,988, in which all of the original claims were confirmed without change. A copy of this patent and its Re-examination Certificate (collectively "the '988 Patent") are annexed hereto as Exhibit B. The '988 Patent describes and claims a method for reducing the appearance of skin changes associated with aging by topically applying a composition comprising a glycolic acid, lactic acid or citric acid or a topically effective salt thereof, to the area of skin exhibiting the sign of aging.

**ANSWER**:    Zirh admits that on its face, U.S. Patent No. 5,547,988 (the "'988 Patent"), is entitled, "Alleviating Signs of Dermatological Aging with Glycolic Acid, Lactic Acid or Citric Acid." Zirh further admits that, on its face, the '988 Patent recites an issue date of August 20, 1996 as well as a re-examination completion date of July 15, 1997. Zirh further admits that a document purporting to be the '988 Patent was attached to the Complaint as Exhibit B. Zirh denies the remaining allegations of paragraph 13.

14. On January 31, 1995, United States Letters Patent No. 5,385,938, entitled "Method of Using Glycolic Acid for Treating Wrinkles" was duly and legally issued to the Inventors and assigned to TTI. On July 15, 1997, the U.S. Patent and Trademark Office ("PTO") completed a re-examination of U.S. Patent No. 5,385,938 and issued Re-examination Certificate BI 5,385,938

in which all of the original claims were confirmed without change. A copy of this patent and its Re-examination Certificate (collectively "the '938 Patent') are annexed hereto as Exhibit C. The '938 Patent describes and claims a method for visibly reducing a human facial wrinkle by topically applying a composition comprising glycolic acid and/or a topically effective salt thereof, to the wrinkle.

**ANSWER**:    Zirh admits that on its face, U.S. Patent No. 5,385,938 (the "'938 Patent"), is entitled, "Method of Using Glycolic Acid for Treating Wrinkles." Zirh further admits that, on its face, the '988 Patent recites an issue date of January 31, 1995 and a re-examination completion date of July 15, 1997. Zirh further admits that documents purporting to be the '938 Patent and Re-examination Certificate BI 5,385,938 was attached to the Complaint as Exhibit C. Zirh denies the remaining allegations of paragraph 14.

15. On February 14, 1995, United States Letters Patent No. 5,389,677, entitled "Method of Treating Wrinkles Using Glycolic Acid" was dually and legally issued to the Inventors and assigned to TTI. On July 15, 1997, the PTO completed a re-examination of U.S. Patent No. 5,389,677 and issued Re-examination Certificate Bl 5,389,677, in which all of the original claims were confirmed without change. A copy of this patent and its re-examination certificate (collectively "the '677 Patent") are annexed hereto as Exhibit D. The '677 Patent describes and claims a method for visibly reducing any type of human skin wrinkle by topically applying a composition comprising glycolic acid and/or a topically effective salt thereof, to the wrinkle.

**ANSWER**:    Zirh admits that on its face, U.S. Patent No. 5,389,677 (the "'677 Patent"), is entitled, "Method of Treating Wrinkles Using Glycolic Acid." Zirh further admits that, on its face, the '677 Patent recites an issue date of February 14, 1995 and a re-examination completion

date of July 15, 1997.  Zirh further admits that documents purporting to be the '677 Patent and Re-examination Certificate Bl 5,389,677 was attached to the Complaint as Exhibit D.  Zirh denies the remaining allegations of paragraph 15.

16. On June 6, 1995, United States Letter Patent No. 5.422,370 entitled "Method of Using Lactic Acid for the Treatment of Wrinkles" was duly and legally issued to the Inventors, and assigned to TTI.  On July 15, 1997, the PTO completed a re-examination of U.S. Patent No. 5,422,370 and issued Re-examination Certificate Bl 5.422,370, in which all of the original claims were confirmed without change. A copy of this patent and its re-examination certificate (collectively "the '370 Patent") are annexed hereto as Exhibit E. The '370 Patent describes and claims a method for visibly reducing a human skin wrinkle by topically applying a composition comprising lactic acid and/or a topically effective salt thereof. to the wrinkle.

**ANSWER**:    Zirh admits that on its face, U.S. Patent No. 5.422,370 (the "'370 Patent"), is entitled, "Method of Using Lactic Acid for the Treatment of Wrinkles."  Zirh further admits that, on its face, the '370 Patent recites an issue date of June 6, 1995 and a re-examination completion date of July 15, 1997.  Zirh further admits that documents purporting to be the '370 Patent and Re-examination Certificate Bl 5,422,370 was attached to the Complaint as Exhibit E. Zirh denies the remaining allegations of paragraph 16.

17. TTI is the assignee of the '171, '988, '938, '677, and '370 Patents.

**ANSWER**: Zirh admits that, on their face, the re-examination certificates for the '171, '988, '938, '677, and '370 Patents each list Tristata Technology, Inc. as an Assignee.  Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies these allegations.

18. TTI's methods for reducing wrinkles and other skin conditions associated with aging, as described and claimed in the annexed patents, have enjoyed excellent commercial success since their introduction. Indeed, TTI's methods have become the methods of choice for the consuming public for reducing wrinkles, fine lines and other visible effects of aging on the human skin.

**ANSWER**:  Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies these allegations.

### FIRST CLAIM FOR RELIEF
### (Infringement of the '171 Patent)

19. TTI repeats and realleges the allegations of paragraphs 1 through 18 as if fully set forth herein.

**ANSWER**:  Zirh  incorporates by reference its answers in paragraphs 1 through 18 of this Answer as if fully set forth herein.

20. Defendants are engaged in the manufacture, distribution and/or sale of cosmetic products comprising alpha hydroxyacids, and/or a topically effective salt thereof. These products are sold and promoted over the Internet, through national advertisements, websites and/or through other marketing materials that encourage prospective customers to apply such products to their skin for the purpose of visibly reducing a human skin wrinkle and/or fine lines on the human skin.

**ANSWER**:  Zirh admits that it markets and sells skin and hair care products for men and promotes these products over the Internet and through other advertising and marketing materials. Zirh further admits that certain select products contain ingredients known as alpha hydroxyacids. Zirh denies that it manufactures cosmetic products and denies the remaining allegations of paragraph 20.  Zirh lacks knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 20 as it relates to any other defendant and therefore denies these allegations.

21. By virtue of these promotional activities, Defendants have been contributing, and continue to contribute, to and/or to induce the infringement of the '171 Patent in violation of 35 U.S.C. §271.

**ANSWER**:   Denied as to Zirh.  Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 as it relates to any other defendant and therefore denies these allegations.

22. TTI is informed and believes that Defendants have received express notice of the '171 Patent in a letter and/or had prior knowledge of that patent prior to the filing of this complaint. Despite notice, Defendants have failed to enter into a license agreement, and continue to contribute and/or induce infringement of the '171 Patent in violation of 35 U.S.C. §271.

**ANSWER**:   Zirh admits that it received a letter dated March 15, 2006 from Michael O. Warnecke of Mayer, Brown, Rowe and Maw LLP stating, "TTI is diligently enforcing its patent rights and is putting you on notice that your continued infringement of these patents resulted in litigation." Zirh further admits that this same March 15, 2006 letter referred to U.S. Patents Nos. B1 5,091,171; 5,385,938; 5,389,677; 5,422,370; 5,547,988; 5,591,774; and 5,643,961. Zirh denies that this letter communicated which, if any, of Zirh's products infringed the aforementioned patents. Zirh further denies that prior to receiving this letter dated March 15, 2006, it had any knowledge whatsoever of the '171 Patent or of TTI. Zirh denies the remaining allegations of Paragraph 22 as to Zirh and lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 22 as it relates to any other defendant and therefore denies these allegations.

23. TTI is informed and believes that Defendants' actions have been willful and deliberate, entitling TTI to increased damages under 35 U.S.C. § 284 and making this an exceptional case within the meaning of 35 U.S.C. § 285.

**ANSWER**:    Denied as to Zirh.  Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 as it relates to any other defendant and therefore denies these allegations.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '988 Patent)

24. TTI repeats and realleges the allegations of paragraphs 1 through 23 as if fully set forth herein.

**ANSWER**:  Zirh  incorporates by reference its answers in paragraphs 1 through 23 of this Answer as if fully set forth herein.

25. Defendants are engaged in the manufacture, distribution and/or sale of cosmetic products comprising alpha hydroxyacids, including but not limited to, glycolic acid, lactic acid, citric acid and/or a topically effective salt thereof. These products are sold and promoted over the Internet through national advertisements, websites and/or through other marketing materials that encourage prospective customers to apply such products to their skin for the purpose of visibly reducing a human skin wrinkle and/or fine lines on the human skin.

**ANSWER**:    Zirh admits that it markets and sells skin and hair care products for men and promotes these products over the Internet and through other advertising and marketing materials.  Zirh further admits that certain select products contain ingredients known as alpha hydroxyacids.  Zirh denies that it manufactures cosmetic products and denies the remaining allegations of paragraph 25.  Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 as it relates to any other defendant and therefore denies these allegations.

26. By virtue of these promotional activities, Defendants have been contributing, and continue to contribute, to and/or to induce the infringement of the '988 Patent in violation of 35 U.S.C. §271.

**ANSWER**:    Denied as to Zirh.  Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 as it relates to any other defendant and therefore denies these allegations.

27. TTI is informed and believes that Defendants have received express notice of the '988 Patent and/or had prior knowledge of that patent prior to the filing of this complaint.  Despite notice, Defendants have failed to enter into a license agreement, and continue to contribute and/or induce infringement of the '988 Patent in violation of 35 U.S.C. §271.

**ANSWER**:    Zirh admits that it received a letter dated March 15, 2006 from Michael O. Warnecke of Mayer, Brown, Rowe and Maw LLP stating, "TTI is diligently enforcing its patent rights and is putting you on notice that your continued infringement of these patents resulted in litigation." Zirh further admits that this same March 15, 2006 letter referred to U.S. Patents Nos. B1 5,091,171; 5,385,938; 5,389,677; 5,422,370; 5,547,988; 5,591,774; and 5,643,961.  Zirh

denies that this letter communicated which, if any, of Zirh's products infringed the aforementioned patents. Zirh further denies that prior to receiving this letter dated March 15, 2006, it had any knowledge whatsoever of the '988 Patent or of TTI. Zirh denies the remaining allegations of Paragraph 27 as to Zirh and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 as it relates to any other defendant and therefore denies these allegations.

28. TTI is informed and believes that Defendants' actions have been willful and deliberate, entitling TTI to increased damages under 35 U.S.C. § 284 and making this an exceptional case within the meaning of 35 U.S.C. § 285.

**ANSWER:**    Denied as to Zirh.  Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 as it relates to any other defendant and therefore denies these allegations.

## THIRD CLAIM FOR RELIEF
### (Infringement of the '938 Patent)

29. TTI repeats and realleges the allegation of paragraphs 1 through 28 as if fully set forth herein.

**ANSWER:**  Zirh  incorporates by reference its answers in paragraphs 1 through 28 of this Answer as if fully set forth herein.

30. Defendants are engaged in the manufacture, distribution and/or sale of cosmetic products comprising alpha hydroxyacids, including but not limited to, glycolic acid and/or a topically effective salt thereof. These products are sold and promoted over the Internet, through national advertisements, websites and/or through other marketing materials that encourage prospective

customers to apply such products to their skin for the purpose of visibly reducing a human skin wrinkle and/or fine lines on the human skin.

**ANSWER:**    Zirh admits that it markets and sells skin and hair care products for men and promotes these products over the Internet and through other advertising and marketing materials. Zirh further admits that certain select products contain ingredients known as alpha hydroxyacids. Zirh denies that it manufactures cosmetic products and denies the remaining allegations of paragraph 30. Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 as it relates to any other defendant and therefore denies these allegations.

31. By virtue of these promotional activities, Defendants have been contributing, and continue to contribute, to and/or to induce the infringement of the '938 Patent in violation of 35 U.S.C. §271.

**ANSWER:**    Denied as to Zirh. Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 as it relates to any other defendant and therefore denies these allegations.

32. TTI is informed and believes that Defendants have received express notice of the '938 Patent and/or had prior knowledge of that patent prior to the filing of this complaint. Despite notice, Defendants have failed to enter into a license agreement, and continue to contribute and/or induce infringement of the '938 Patent in violation of 35 U.S.C. §271.

**ANSWER:**    Zirh admits that it received a letter dated March 15, 2006 from Michael O. Warnecke of Mayer, Brown, Rowe and Maw LLP stating, "TTI is diligently enforcing its patent

rights and is putting you on notice that your continued infringement of these patents resulted in litigation." Zirh further admits that this same March 15, 2006 letter referred to U.S. Patents Nos. B1 5,091,171; 5,385,938; 5,389,677; 5,422,370; 5,547,988; 5,591,774; and 5,643,961. Zirh denies that this letter communicated which, if any, of Zirh's products infringed the aforementioned patents. Zirh further denies that prior to receiving this letter dated March 15, 2006, it had any knowledge whatsoever of the '938 Patent or of TTI. Zirh denies the remaining allegations of Paragraph 32 as to Zirh and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 as it relates to any other defendant and therefore denies these allegations.

33. TTI is informed and believes that Defendants' actions have been willful and deliberate, entitling TTI to increased damages under 35 U.S.C. §284 and making this an exceptional case within the meaning of 35 U.S.C. § 285.

**ANSWER:**    Denied as to Zirh. Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 as it relates to any other defendant and therefore denies these allegations.

### FOURTH CLAIM FOR RELIEF
#### (Infringement of the '677 Patent)

34. TTI repeats and realleges the allegations of paragraphs 1 through 33 as if fully set forth herein.

**ANSWER:** Zirh incorporates by reference its answers in paragraphs 1 through 33 of this Answer as if fully set forth herein.

35. Defendants are engaged in the manufacture, distribution and/or sale of cosmetic products comprising alpha hydroxyacids, including but not limited to, glycolic acid and/or a topically effective salt thereof. These products are sold and promoted over the Internet, through national advertisements, websites and/or through other marketing materials that encourage prospective customers to apply such products to their skin for the purpose of visibly reducing a human skin wrinkle and/or fine lines on the human skin.

**ANSWER**:  Zirh admits that it markets and sells skin and hair care products for men and promotes these products over the Internet and through other advertising and marketing materials. Zirh further admits that certain select products contain ingredients known as alpha hydroxyacids. Zirh denies that it manufactures cosmetic products and denies the remaining allegations of paragraph 35.  Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 as it relates to any other defendant and therefore denies these allegations.

36. By virtue of these promotional activities, Defendants have been contributing, and continue to contribute, to and/or to induce the infringement of the '677 Patent in violation of 35 U.S.C. §271.

**ANSWER**:    Denied as to Zirh.  Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 as it relates to any other defendant and therefore denies these allegations.

37. TTI is informed and believes that Defendants have received express notice of the '677 Patent and/or had prior knowledge of that patent prior to the filing of this complaint.  Despite

notice, Defendants have failed to enter into a license agreement, and continue to contribute and/or induce infringement of the '677 Patent in violation 35 U.S.C. § 271.

**ANSWER**:     Zirh admits that it received a letter dated March 15, 2006 from Michael O. Warnecke of Mayer, Brown, Rowe and Maw LLP stating, "TTI is diligently enforcing its patent rights and is putting you on notice that your continued infringement of these patents resulted in litigation." Zirh further admits that this same March 15, 2006 letter referred to U.S. Patents Nos. B1 5,091,171; 5,385,938; 5,389,677; 5,422,370; 5,547,988; 5,591,774; and 5,643,961. Zirh denies that this letter communicated which, if any, of Zirh's products infringed the aforementioned patents. Zirh further denies that prior to receiving this letter dated March 15, 2006, it had any knowledge whatsoever of the '677 Patent or of TTI. Zirh denies the remaining allegations of Paragraph 37 as to Zirh and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 as it relates to any other defendant and therefore denies these allegations.

38. TTI is informed and believes that Defendants' actions have been willful and deliberate, entitling TTI to increased damages under 35 U.S.C. § 284 and making this an exceptional case within the meaning of 35 U.S.C. § 285.

**ANSWER**:     Denied as to Zirh. Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 as it relates to any other defendant and therefore denies these allegations.

## FIFTH CLAIM FOR RELIEF
### (Infringement of the '370 Patent)

39. TTI repeats and realleges the allegations of paragraphs 1 through 38 as if fully set forth herein.

**ANSWER**:  Zirh incorporates by reference its answers in paragraphs 1 through 38 of this Answer as if fully set forth herein.

40. Defendants engaged in the manufacture, distribution and/or sale of cosmetic products comprising alpha hydroxyacids, including but not limited to, lactic acid and/or a topically effective salt thereof.  These products are sold and promoted over the Internet, through national advertisements, websites and/or through other marketing materials that encourage prospective customers to apply such products to their skin for the purpose of visibly reducing a human skin wrinkle and/or fine lines on the human skin.

**ANSWER**:  Zirh admits that it markets and sells skin and hair care products for men and promotes these products over the Internet and through other advertising and marketing materials. Zirh further admits that certain select products contain ingredients known as alpha hydroxyacids. Zirh denies that it manufactures cosmetic products and denies the remaining allegations of paragraph 40.  Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 as it relates to any other defendant and therefore denies these allegations.

41. By virtue of these promotional activities, Defendants have been contributing, and continue to contribute, to and/or to induce the infringement of the '370 Patent in violation of 35 U.S.C. §271.

**ANSWER**:    Denied as to Zirh.  Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 as it relates to any other defendant and therefore denies these allegations.

42. TTI is informed and believes that Defendants have received express notice of the `370 Patent and/or had prior knowledge of that patent prior to the filing of this complaint.  Despite notice, Defendants have failed to enter into a license agreement, and continue to contribute and/or induce infringement of the `370 Patent in violation of 35 U.S.C. § 271.

**ANSWER**:    Zirh admits that it received a letter dated March 15, 2006 from Michael O. Warnecke of Mayer, Brown, Rowe and Maw LLP stating, "TTI is diligently enforcing its patent rights and is putting you on notice that your continued infringement of these patents resulted in litigation."  Zirh further admits that this same March 15, 2006 letter referred to U.S. Patents Nos. B1 5,091,171; 5,385,938; 5,389,677; 5,422,370; 5,547,988; 5,591,774; and 5,643,961.  Zirh denies that this letter communicated which, if any, of Zirh's products infringed the aforementioned patents.  Zirh further denies that prior to receiving this letter dated March 15, 2006, it had any knowledge whatsoever of the '370 Patent or of TTI.  Zirh denies the remaining allegations of Paragraph 42 as to Zirh and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 as it relates to any other defendant and therefore denies these allegations.

43. TTI is informed and believes that Defendants' actions have been willful and deliberate, entitling TTI to increased damages under 35 U.S.C. §284 and making this an exceptional case within the meaning of 35 U.S.C. §285.

**ANSWER**:   Denied as to Zirh.  Zirh lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 as it relates to any other defendant and therefore denies these allegations.

## RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF

WHEREFORE, Zirh prays that Plaintiff takes and deserves nothing on its claims, and specifically that:

A.  Judgment be entered for Zirh that it does not infringe the '171, '988, '938, '677, and '370 Patents alleged in the Complaint;

B.  No damages be awarded to Plaintiff;

C.  No costs, expenses, nor attorney fees be awarded to Plaintiff;

D.  No injunctive relief shall issue to Plaintiff; and

E.  Costs, expenses, and attorney fees be awarded to Zirh for their defense in this case.

## ZIRH'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Zirh does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the Asserted Patents under any theory of infringement.

### Second Affirmative Defense

The claims of U.S. Patent Nos. B1 5,091,171; 5,385,938; 5,389,677; 5,422,370; 5,547,988 are invalid for failure to comply with one or more of the provisions of sections 35 U.S.C. §§101, *et seq.*, including, without limitation, 35 U.S.C. §§102, 103 and 112.

### Third Affirmative Defense

Plaintiff is estopped, based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the issuance of the Asserted Patents from maintaining that any valid claim of the Asserted Patents covers any of Zirh's articles, equipment, products, devices, or components, or other activity engaged in by Zirh.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches, and/or prosecution laches.

### Fifth Affirmative Defense

Plaintiff's claim for patent infringement damages, if any, against Zirh is statutorily limited by 35 U.S.C. § 286 and/or § 287.

### <u>COUNTERCLAIMS</u>

Counter-plaintiff Zirh for its counterclaims against Tristrata Technology, Inc., alleges as follows:

1.    Counter-plaintiff Zirh International Corporation ("Zirh"), is a corporation organized and existing under the laws of the state of New York with its principal place of business in New York, New York.

2.    On information and belief, Counter-defendant Tristrata Technology, Inc. ("TTI"), is a Delaware corporation with its principal place of business in Wilmington, Delaware. On information and belief, TTI conducts business within this Judicial District and also subjected itself to this Court's jurisdiction by initiating this action.

3.    This is an action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, for a declaratory judgment that patents owned by TTI are not infringed by Zirh and are invalid.

4.    This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § § 1331 and 1338 and 28 U.S.C. § § 2201 and 2202.   An actual controversy exists because TTI is asserting in this lawsuit that Zirh infringes U.S. Patents Nos. B1 5,091,171; 5,385,938; 5,389,677; 5,422,370; 5,547,988 and Zirh denies these assertions.   TTI has also accused Zirh of infringing U.S. Patent Nos. 5,554,654; 5,834,510; 5,591,774 and 5,643,961.

5.    This Court has personal jurisdiction over TTI and venue is proper because TTI has voluntarily appeared and consented to this venue by filing its claims for patent infringement.

## COUNT I

**(Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. B1 5,091,171)**

6.    Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

7.    Zirh has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '171 patent, either literally or under the doctrine of equivalents.

## COUNT II

### (Request for Declaratory Judgment of Patent Invalidity of U.S. Patent No. B1 5,091,171)

8. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

9. The claims of the '171 patent are invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT III

### (Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,385,938)

10. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

11. Zirh has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '938 patent, either literally or under the doctrine of equivalents.

## COUNT IV

### (Request for Declaratory Judgment of Patent Invalidity of U.S. Patent No. 5,385,938)

12. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

13. The claims of the '938 patent are invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT V

### (Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,389,677)

14. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

15. Zirh has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '677 patent, either literally or under the doctrine of equivalents.

## COUNT VI

**(Request for Declaratory Judgment of Patent Invalidity of U.S. Patent No. 5,389,677)**

16. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

17. The claims of the '677 patent are invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT VII

**(Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,422,370)**

18. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

19. Zirh has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '370 patent, either literally or under the doctrine of equivalents.

## COUNT VIII

**(Request for Declaratory Judgment of Patent Invalidity of U.S. Patent No. 5,422,370)**

20. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

21. The claims of the '370 patent are invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT IX

**(Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,547,988)**

22. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

23. Zirh has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '988 patent, either literally or under the doctrine of equivalents.

## COUNT X

**(Request for Declaratory Judgment of Patent Invalidity of U.S. Patent No. 5,422,988)**

24. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

25. The claims of the '988 patent are invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT XI

**(Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,591,774)**

26. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

27. Zirh has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '774 patent, either literally or under the doctrine of equivalents.

## COUNT XII

**(Request for Declaratory Judgment of Patent Invalidity of U.S. Patent No. 5,591,774)**

28. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

29. The claims of the '774 patent are invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT XIII

**(Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,643,961)**

30. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

31. Zirh has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '961 patent, either literally or under the doctrine of equivalents.

## COUNT XIV

**(Request for Declaratory Judgment of Patent Invalidity of U.S. Patent No. 5,643,961)**

32. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

33. The claims of the '961 patent are invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT XV

**(Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,554,654)**

34. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

35. Zirh has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '654 patent, either literally or under the doctrine of equivalents.

## COUNT XVI

**(Request for Declaratory Judgment of Patent Invalidity of U.S. Patent No. 5,554,654)**

36. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

37. The claims of the '654 patent are invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 102, 103, and/or 112.

## COUNT XVII

### (Request for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,834,510)

38. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

39. Zirh has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claim of the '510 patent, either literally or under the doctrine of equivalents.

## COUNT XVIII

### (Request for Declaratory Judgment of Patent Invalidity of U.S. Patent No. 5,834,510)

40. Zirh repeats and realleges the allegations contained paragraphs 1 through 5 as though fully set forth herein.

41. The claims of the '510 patent are invalid for failing to satisfy one or more of the conditions of patentability under 35 U.S.C. §§ 102, 103, and/or 112.

### RELIEF REQUESTED

WHEREFORE, Zirh prays for a judgment against TTI first as follows:

(A)    Declare that Zirh has not infringed, has not contributed to infringement by others of, and has not induced infringement by others of any claims of the '171, '938, '677, '370, '988, '774, '654, '510, and '961 patents, either literally or under the doctrine of equivalents;

(B)    Declare that the claims of the '171, '938, '677, '370, '988, '774, '654, '510, and '961 patents are invalid;

27

(C)     Enter an order preliminarily and permanently enjoining TTI, its officers, directors, servants, managers, employees, agents, successors, and assignees, and all persons in active concert or participation with any of them, from directly or indirectly charging Zirh with infringement of any claim of the '171, '938, '677, '370, '988, '774, '654, '510, and '961 patents;

(D)     Declare this case exceptional under 35 U.S.C. § 285 and award Zirh reasonable attorneys' fees, expenses, and costs incurred in this action; and

(E)     Award Zirh such further necessary and proper relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Zirh hereby demands a trial by jury as to all issues so triable herein.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Melanie K. Sharp (No. 2501)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

Garret A. Leach
Lydia E. Wahlke
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL  60601-6636
(312) 861-2000

Dated: April 5, 2007

*Attorneys for Defendant Zirh International, Corp.*

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on April 5, 2007 I caused to be electronically filed a true and correct copy of Zirh International Corporation's Answer, Affirmative Defenses, and Counterclaims with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Arthur G. Connolly, III
Connolly, Bove, Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

I further certify that on April 5, 2007 I caused a copy of the foregoing, Zirh International Corporation's Answer, Affirmative Defenses, and Counterclaims, to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated.

**BY E-MAIL**

Michael O. Warnecke
Douglas L. Sawyer
Aric S. Jacover
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 60606

Kevin M. McGovern
Brian T. Foley
McGovern & Associates
545 Madison Avenue, 15th Floor
New York, NY 10022

Melanie K. Sharp (No. 2501)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com

066197.1001